## EUNICE FOLEY v. WILLIAM J. HOY.[1]

January 6, 1911.

Nos. 16,855—(179).

**Death by wrongful act — exclusion of evidence — charge to jury.**
In an action to recover for the alleged wrongful death of plaintiff's intestate, the record is *held* to present no reversible errors.

Action in the district court for Ramsey county by the administratrix of the estate of Philip Foley, deceased, to recover $5,000 for the death of her intestate. The answer admitted the death, but expressly denied any negligence on the part of defendants.

[1]Reported in 129 N. W. 215.

The facts are stated in the opinion. The case was tried before Kelly, J., and a jury which rendered a verdict for the amount demanded. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Morton Barrows,* for appellant.

*C. D. & R. D. O'Brien,* for respondent.

BROWN, J.

The facts in this case are as follows: Defendant, a general contractor, was engaged in the construction of the new St. Paul Hotel. Plaintiff's intestate was in his employ as a common laborer, being engaged on the day of his death in mixing mortar in a box placed upon the ground near the building. The framework of the building had been raised to the thirteenth story. Defendant had placed upon the roof an ordinary derrick for hoisting material used in the construction of the building. When the derrick was not in use, it was found advisable to lower its boom to a position of rest, and thus relieve the strain upon the mast and supporting guys. For this purpose a pile of planks, eight or ten in number, had been fastened together and chained or secured to the girders about four feet from the edge of the building, and upon this the boom was rested when not in use. While it appears that the planks referred to were securely fastened, it further appears that a shorter plank was laid upon the top of the pile, and was not fastened to the others or in any way secured. This situation existed for a considerable time before decedent's death. The mortar box at which decedent was at work was located upon the ground immediately below the derrick and the pile of planks. While he was so at work the loose plank referred to fell from the top of the building, striking decedent upon the head, causing instant death.

Plaintiff, as his legal representative, thereafter brought this action to recover for his death, alleging as ground thereof that defendant failed in his duty to exercise reasonable care in providing decedent with a safe place for the performance of his work. Plaintiff had a verdict, and defendant appealed from an order denying his motion in the alternative for judgment or a new trial.

Defendant presses upon the appeal only those errors assigned in support of his motion for a new trial. The action of the trial court in denying the motion for judgment notwithstanding the verdict is not assigned as error. Nor is the sufficiency of the evidence to sustain the verdict called in question. Our consideration of the case is therefore confined to the alleged errors in law occurring upon the trial.

1. As already stated, the mortar box at which decedent was engaged at work was upon the ground immediately below the derrick and the planks upon which its boom rested when not in use. The accident was caused by the falling plank. The cause of the falling plank resolved itself on the trial into the question whether it was dislodged from its position by the wind. Evidence to show that such was the fact, and to negative the theory that it was either thrown or negligently pushed off the building by some workmen, was introduced by plaintiff, and of a nature to justify the jury in so finding. Defendant then offered to show the velocity of the wind during the two weeks preceding the accident, and that it ranged as high as fifty miles an hour. The exclusion of this evidence is complained of.

We discover no reversible error in the ruling on this question. Conditions were not shown to have been the same, with reference to the plank and its position, during the preceding two weeks; nor did the offer indicate that the direction of the wind was the same, or whether, if of greater velocity, it would have caught the plank in the same way as it did on the day of the accident. In the absence of this showing, it cannot be said that the evidence was at all material, and the ruling, therefore, is not reversible error.

2. The court submitted to the jury the question whether defendant was chargeable with negligence in locating the mortar box in the particular place, below the derrick. In this we discover no error. The question in issue was whether defendant exercised reasonable care in providing decedent with a safe place to work; and whether the location of the mortar box was a safe place, in view of the derrick and loose plank on the edge of the roof of the building immediately

above, was the gist of the controversy, and was properly submitted to the jury.

It is true, as urged by counsel, that a contractor may adjust his instrumentalities and appliances at such places upon the premises as will be most convenient to an expeditious performance of the work. But clearly, in so doing, reference must necessarily be had to the proximity of other instrumentalities of a dangerous character; and whether the location of the box upon the ground below the derrick, used as it was to hoist material to the roof of the building, was an exercise of reasonable care to provide a safe place of work, presented a question of fact.

3. The court made some reference in its instructions to the obligation of defendant to exercise reasonable care in seeing to it that his other servants were discharging their duties in a proper manner. This part of the charge had no reference to any issue in the case, and in view of the fact that the jury was expressly instructed that, if the plank was caused to fall by the negligence of other employees, plaintiff could not recover, the reference to the defendant's obligations, if any, in respect to supervising the conduct of his servants, was without substantial prejudice.

4. Defendant's sixth request, relating to the question of the assumption of risks arising from the negligence of fellow servants, was not involved in the case, and, so far as it concerned the liability of defendant for the negligence of other employees in causing the plank to fall, was fully covered by the general charge of the court. The final summing up by the court clearly and distinctly stated the law controlling plaintiff's right of recovery, and the rights of defendant were fully protected.

This covers all questions discussed by defendant; the assignment charging misconduct on the part of plaintiff's counsel having been withdrawn.

We find no error, and the order appealed from is affirmed.

SIMPSON, J., took no part.